JOHN L. BURRIS ESQ., SBN 69888
BENJAMIN NISENBAUM, ESQ., SBN 222173
JAMES COOK, ESQ., SBN 300212
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
bnisenbaum@hotmail.com
james.cook@johnburrislaw.com

Attorneys for Plaintiff,
VANCE GATTIS, an individual

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

VANCE GATTIS, an individual,

Plaintiff,

v.

CITY OF ANTIOCH, a municipal corporation; TAMMANY BROOKS, individually and in his capacity as Chief of Police for the ANTIOCH POLICE DEPARTMENT; MORTEZA AMIRI, individually and in his capacity as Police Officer for the ANTIOCH POLICE DEPARTMENT; ERIK NILSEN, individually and in his capacity as Police Officer for the ANTIOCH POLICE DEPARTMENT; JAMES COLLEY, individually and in his capacity as Police Officer for the ANTIOCH POLICE DEPARTMENT; ERIC ROMBOUGH, individually and in his capacity as Police Officer for the ANTIOCH POLICE DEPARTMENT; and DOES 1-50, inclusive, individually, jointly and severally,

Defendants.

CASE NO.:

COMPLAINT FOR DAMAGES
(42 U.S.C. Section 1983 and pendent tort claims)

JURY TRIAL DEMANDED

**INTRODUCTION**

1. On April 19, 2019, multiple CITY OF ANTIOCH officers physically assaulted VANCE GATTIS. Officers conducted a traffic stop on GATTIS then physically assaulted GATTIS, despite them having no reasonable suspicion to detain GATTIS. The officers arrested GATTIS despite not having any probable cause to arrest GATTIS.

2. This is an action for damages brought pursuant to Title 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution, under California Civil Code Section § 52.1, and under the common law of California. This action is against the CITY OF ANTIOCH, TAMMANY BROOKS, MORTEZ AMIRI, ERIK NILSEN, JAMES COLLEY, ERIC ROMBOUGH, and DOES 1-50.

**JURISDICTION**

3. This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein took place in the City of Antioch California, which is within the judicial district of this Court. This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. § 1367.

**PARTIES**

4. Plaintiff VANCE GATTIS ("PLAINTIFF" or "GATTIS") is an individual who has been and is a resident of California and a United States Citizen.

5. Defendant CITY OF ANTIOCH (hereinafter "CITY") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant City has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the City of Antioch Police Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant City was the employer of DOES Defendants.

6. Defendant TAMMANY BROOKS (hereinafter "BROOKS"), was the Chief of Police for the CITY OF ANTIOCH and is sued individually and in his official capacity.

7. Defendant MORTEZA AMIRI (hereinafter "AMIRI"), was a police officer for the CITY OF ANTIOCH and is sued individually and in his official capacity.

8. Defendant ERIK NILSEN (hereinafter "NILSEN"), was a police officer for the CITY OF ANTIOCH and is sued individually and in his official capacity.

9. Defendant JAMES COLLEY (hereinafter "COLLEY"), was a police officer for the CITY OF ANTIOCH and is sued individually and in his official capacity.

10. Defendant ERIC ROMBOUGH (hereinafter "ROMBOUGH"), was a police officer for the CITY OF ANTIOCH and is sued individually and in his official capacity.

11. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend his complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

12. Plaintiff is required to comply with an administrative tort claim requirement under California law. Plaintiff filed an administrative claim with the City on October 17, 2019. The Plaintiff has exhausted all administrative remedies pursuant to California Government Code Section 910.

## FACTUAL ALLEGATIONS

13. The incident took place on April 19, 2019 at 2713 Contra Loma Boulevard, Antioch, CA 94509. George Hellums arrived at Mr. GATTIS'S residence in order to share transportation to a local 7-Eleven store. Along with Mr. Hellums, included his girlfriend, Maria Alcala, and their minor daughter. GATTIS is an African American male.

14. Shortly after picking up GATTIS, AMIRI initiated a traffic stop on Mr. Hellums' car. AMIRI approached Mr. Hellums' driver side window. AMIRI asked Hellums if he was on probation. He truthfully responded in the affirmative. AMIRI then ordered Mr. GATTIS to provide his identification. Mr. GATTIS informed the AMIRI he was not on probation. In response, AMIRI forced Mr. GATTIS out of the car and placed him into a choke hold. NILSEN assisted AMIRI with the chokehold. AMIRI pressed Mr. GATTIS violently against the door of the car. AMIRI used closed fist strikes to repeatedly strike GATTIS in the face. COLLEY then tazed Mr. GATTIS multiple times. COLLEY also struck GATTIS repeatedly with his flashlight. Next, AMIRI released a K9 officer on GATTIS. The K9 officer mauled GATTIS's arms, chest and neck areas. ROMBOUGH placed GATTIS in handcuffs and arrested him.

15. Paramedics transported GATTIS to Sutter Delta Medical for emergency treatment.

16. As a result of the incident, Mr. GATTIS suffered physical injuries throughout his body, including an intracranial hemorrhage, spinal cord injury, and chest wall trauma. He required stitches for lacerations to the arms and forehead. GATTIS also suffers from the emotional distress caused by the nature of the unprovoked physical assault.

17. Mr. GATTIS was charged with violations of Cal. Penal Code section 415, disturbing the peace, and Health and Safety Code section, 11377, possession of methamphetamine, Penal Code section 69, resisting arrest by force and Penal Code section 600(a), and assault on a police dog. The charges for Penal Code 69 and Penal Code section 600(a) were dropped.

**FIRST CAUSE OF ACTION**
**(Violation of the Fourth Amendment of the United States Constitution- Unlawful Detention)**
**(42 U.S.C. § 1983)**
**(Against All Defendants)**

18. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 16 of this Complaint.

19. Defendants' above-described conduct violated Plaintiff's right as provided for under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and

seizures. GATTIS was lawfully a passenger in Mr. Hellums' car. AMIRI conducted a traffic stop on Mr. Hellums' car. AMIRI asked if GATTIS was on probation. GATTIS said he was not. In response, AMIRI detained GATTIS. However, AMIRI lacked the requisite reasonable suspicion to detain GATTIS. The officers placed GATTIS in handcuffs and arrested him after physically assaulting him. Officers also lacked probable cause to arrest GATTIS.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(Violation of the Fourth Amendment of the United States Constitution- Unlawful Seizure)**
**(42 U.S.C. § 1983)**
**(Against All Defendants)**

20. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 18 of this Complaint.

21. Defendants' above-described conduct violated Plaintiff's right as provided for under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures. Defendants lacked the requisite reasonable suspicion to detain Plaintiff GATTIS. GATTIS was a passenger within Mr. Hellums' car. GATTIS did not engage in any conduct in which there would be reasonable suspicion to suspect him of committing any crime. CITY police officers unlawfully detained GATTIS. GATTIS did not engage in any conduct in which there would be probable cause to suspect him of committing any crime. CITY officers unlawfully arrested GATTIS. Defendants' lacked the requisite probable cause to arrest Plaintiff GATTIS.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**(Violation of the Fourth Amendment of the United States Constitution- Excessive Force)**
**(42 U.S.C. § 1983)**
**(Against All Defendants)**

22. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 20 of this Complaint.

23. Defendants' above-described conduct constituted violations of GATTIS'S rights as provided for under the Fourth Amendment to the United States Constitution. These rights include but are not limited to the right to be free from excessive force and/or the arbitrary and/or unreasonable use of force against him. Defendant officers knew, or should have known, how to use proper force. The state of California requires officers to learn about excessive force. POST Learning Domain 20 states "in all cases the use of force must be reasonable compared to the threat."

24. CITY officers used excessive force on GATTIS while arresting him. CITY officers did not have reasonable suspicion that GATTIS committed a crime. GATTIS was merely a passenger in Mr. Hellums' car. However, in response, AMIRI forced Mr. GATTIS out of the car and placed him into a choke hold. NILSEN assisted AMIRI with the chokehold. AMIRI pressed Mr. GATTIS violently against the door of the car. AMIRI used closed fist strikes to repeatedly strike GATTIS in the face. COLLEY then tazed Mr. GATTIS multiple times. COLLEY also struck GATTIS repeatedly with his flashlight. Next, AMIRI released a K9 officer on GATTIS. The K9 officer mauled GATTIS's arms, chest and neck areas. CITY officers' actions were unreasonable compared to the threat.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**(*Monell* - 42 U.S.C. § 1983)**
**(Against Defendants CITY, BROOKS, and DOES 25-50)**

25. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 23 of this Complaint.

26. CITY officials failed to train officers their officers to use force that is reasonable compared to the threat. Plaintiff is informed and believes and thereon alleges that high-ranking CITY officials, including high-ranking supervisors and DOES 1-50, and/or each of them, knew and/or reasonably should have known about the repeated acts of unconstitutional use of force by CITY officers. CITY officers are required to learn about proper use of force. The proper use of force is outline POST Learning Domain 20.

27. The CITY OF ANTIOCH has a pattern of CITY officers using excessive force and making unlawful arrests on the African American community. For example, in April, 2014, two Antioch Police Department officers, including the same CITY officer COLLEY who is alleged to cause damages in the instant case, dragged Malad Baldwin out of his car, while he was taking a nap. Malad Baldwin was merely waiting for his mother to get ready for a visit to the hospital. The CITY officers slammed Baldwin against the side of Baldwin's car. The officers handcuffed Malad Baldwin, then slammed him down into the adjacent pavement, face and head first, further forcing his head and face to scrape the rough pavement. The officers punched Baldwin in the head, face, and body. One of the officers also struck Malad Baldwin with a metal flashlight in the anal and genital areas. The physical assault by the officers caused Baldwin to become unconscious. Malad Baldwin was also an African American. This pattern of misconduct by CITY officers should have been enough to alert high ranking officials of deficiencies in CITY policy or training regarding excessive force and unlawful arrests against the African American community.

28. Despite having such notice, GATTIS is informed and believes and thereon alleges CITY officials, and DOES 1-50, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing patterns of officers using excessive force and making unlawful arrests. These continued patterns of abuse caused CITY officers to use excessive force on GATTIS and to arrest GATTIS without probable cause. The facts surrounding GATTIS'S arrest are factually similar to the facts surrounding the above cited cases. Specifically, CITY officers profiled GATTIS, who is African American, due to the color of his skin. CITY officers then used excessive force to unlawfully arrest GATTIS.

29. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking CITY officials, including high ranking CITY supervisors, and DOES 26-50, and each of them resulted in the deprivation of GATTIS'S constitutional rights. GATTIS sustained injuries and distress due to the excessive force and unlawful arrest.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(Negligence)**
**(Against Defendants CITY, AMIRI, and DOES 1-50)**

30. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 28 of this Complaint.

31. The present action is brought pursuant to section 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, and DOES 1-50 are liable for injuries caused by their acts or omissions to the same extent as a private person.

32. At all times mentioned herein, AMIRI, NILSEN, COLLEY, ROMBOUGH and COUNTY DOES 1-50 were acting within the course and scope of their employment and/or agency with Defendant CITY. As such, Defendant CITY is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants AMIRI, NILSEN, COLLEY, ROMBOUGH and DOES 1-50 pursuant to section 815.2 of the California Government Code. As such, Defendant CITY is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants AMIRI, NILSEN, COLLEY, ROMBOUGH and DOES 1-50.

33. At all times, each Defendants owed GATTIS a duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

34. Defendants disregarded their duty to GATTIS by use of unreasonable, unjustified force and unlawful detainment and arrest. CITY officers used excessive and unreasonable force to unlawfully detain GATTIS. On April 19, 2019, GATTIS was a passenger in a vehicle driven by Mr. Hellums. AMIRI conducted a traffic stop on Mr. Hellums' car. GATTIS was asked if he was on probation. GATTIS answered he was not. In response, officers put GATTIS in a chokehold, struck GATTIS in the face with closed fist strikers, tazed him, struck him with a flashlight and released a K9 officer on him. CITY officers subsequently arrested GATTIS.

35. As a direct and proximate result of Defendants' negligent actions, GATTIS sustained injuries and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SIXTH CAUSE OF ACTION**
**(Assault/Battery)**
**(Against All Defendants)**

36. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 34 of this Complaint.

37. On April 19, 2019, On April 19, 2019, GATTIS was a passenger in a vehicle driven by Mr. Hellums. AMIRI conducted a traffic stop on Mr. Hellums' car. GATTIS was asked if he was on probation. GATTIS answered he was not. In response, officers put GATTIS in a chokehold, struck GATTIS in the face with closed fist strikers, tazed him, struck him with a flashlight and released a K9 officer on him. CITY officers subsequently arrested GATTIS.

38. CITY officers' actions were excessive and unreasonable compared to the threat that GATTIS was a passenger in a car that AMIRI conducted a traffic stop on.

39. Defendants' conduct was neither privileged nor justified under state statute or common law. As such, defendants' use of excessive force amounts to assault and battery.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress)**
**(Against All Defendants)**

40. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 of this Complaint.

41. Defendants knew or should have known their actions would cause GATTIS emotional distress. Defendants intentionally ignored or recklessly disregarded the foreseeable risk that GATTIS would suffer extreme emotional distress as a result of their conduct.

42. CITY officers knew GATTIS was merely a passenger in Mr. Hellums' car. CITY officers also knew they did not have reasonable suspicion to arrest GATTIS. As such, CITY officers knew, or should have known, that using excessive force to detain GATTIS would cause him

emotional distress. However, CITY officers placed GATTIS in a chokehold, struck him with closed fists, tazed him, struck him with a flashlight, released a K9 officer on him and arrested him.

43. As a result of defendants' collective actions, GATTIS suffered from emotional distress.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum according to proof;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof;
4. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;
5. For injunctive relief as the court deems appropriate including that the policies of Defendant County for policy or policies relevant to authorizing, allowing, or ratifying the practice by its Jail Personnel of being deliberately indifferent to mental/psychiatric/medical health needs of the inmates;
6. For cost of suit herein incurred; and
7. For such other and further relief as the Court deems just and proper.

**LAW OFFICES OF JOHN L. BURRIS**

Dated: April 17, 2020

/s/ *John L. Burris*
John L. Burris, Esq.
Ben Nisenbaum, Esq.
James Cook, Esq.

Attorneys for Plaintiff
VANCE GATTIS