LOUIS A. LEONE, ESQ. (SBN: 099874)
CLAUDIA LEED, ESQ. (SBN: 122676)
ANNE B. MILLER, ESQ. (SBN: 178683)
**LEONE & ALBERTS**
A Professional Corporation
1390 Willow Pass Road, Suite 700
Concord, CA  94520
Telephone:   (925) 974-8600
Facsimile:    (925) 974-8601
E-Mail:   lleone@leonealberts.com
             cleed@leonealberts.com
             amiller@leonealberts.com

Attorneys for Defendants
CITY OF ANTIOCH, TAMMANY BROOKS, MORTEZA AMIRI, ERIK NILSEN, JAMES COLLEY and ERIC ROMBOUGH

THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE GATTIS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF ANTIOCH, a municipal corporation; TAMMANY BROOKS, individually and in his capacity as Chief of Police for the ANTIOCH POLICE DEPARTMENT; MORTEZA AMIRI, individually and in his capacity as Police Officer for the ANTIOCH POLICE DEPARTMENT; ERIK NILSEN, individually and in his capacity as Police Officer for the ANTIOCH POLICE DEPARTMENT; JAMES COLLEY, individually and in his capacity as Police Officer for the ANTIOCH POLICE DEPARTMENT; ERIC ROMBOUGH, individually and in his capacity as Police Officer for the ANTIOCH POLICE DEPARTMENT; and DOES 1-50, inclusive, individually, jointly and severally,<br><br>Defendants. | Case No.: 3:20-cv-02693-EMC<br><br>**DEFENDANTS CITY OF ANTIOCH, TAMMANY BROOKS, MORTEZA AMIRI, ERIK NILSEN, JAMES COLLEY and ERIC ROMBOUGH'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**[JURY TRIAL DEMANDED]** |

1

Defendants City of Antioch, Chief Tammany Brooks, Officer Morteza Amiri, Officer Erik Nilsen, Corporal James Colley and Officer Eric Rombough (hereinafter collectively referred to as "Defendants") hereby answer Plaintiff's First Amended Complaint. Except as expressly admitted, the Defendants deny each and every allegation set forth in Plaintiff's First Amended Complaint. Defendants specifically deny they violated the Plaintiff's civil, common law, and/or statutory rights under state and/or federal law.

**DEFENDANTS' ANSWER TO PLAINTIFF'S ALLEGATIONS CONTAINED WITHIN THE INTRODUCTION OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

1.  Answering Paragraph 1 of Plaintiff's First Amended Complaint, Defendants deny each and every allegation contained therein.

2.  Answering Paragraph 2 of Plaintiff's First Amended Complaint, Defendants allege that Plaintiff has merely asserted legal conclusions as opposed to statements of fact and on that basis the allegations are denied.

**DEFENDANTS' ANSWER TO PLAINTIFF'S ALLEGATIONS REGARDING JURISDICTION**

3.  Answering Paragraph 3 of Plaintiff's First Amended Complaint, Defendants allege that Plaintiff has merely asserted legal conclusions as opposed to statements of fact and on that basis the allegations are denied. As to the balance of Paragraph 3, Defendants specifically deny they violated the Plaintiff's civil, common law, and/or statutory rights under state and/or federal law.

**DEFENDANTS' ANSWER TO PLAINTIFF'S ALLEGATIONS REGARDING THE PARTIES**

4.  Answering Paragraph 4 of Plaintiff's First Amended Complaint, Defendants are without sufficient information and belief as to such allegations and on that basis deny the allegations therein.

5.  Answering Paragraph 5 of Plaintiff's First Amended Complaint, Defendants allege that Plaintiff has merely asserted legal conclusions as opposed to statements of fact and on that basis the allegations are denied. Defendants specifically

deny they violated the Plaintiff's civil, common law, and/or statutory rights under state and/or federal law.

6. Answering Paragraph 6 of Plaintiff's First Amended Complaint, Defendants allege that Plaintiff has merely asserted legal conclusions as opposed to statements of fact and on that basis the allegations are denied.  Defendants specifically deny they violated the Plaintiff's civil, common law, and/or statutory rights under state and/or federal law.

7. Answering Paragraph 7 of Plaintiff's First Amended Complaint, Defendants allege that Plaintiff has merely asserted legal conclusions as opposed to statements of fact and on that basis the allegations are denied. Defendants specifically deny they violated the Plaintiff's civil, common law, and/or statutory rights under state and/or federal law.

8. Answering Paragraph 8 of Plaintiff's First Amended Complaint, Defendants allege Plaintiff has merely asserted legal conclusions as opposed to statements of fact and on that basis the allegations are denied. Defendants specifically deny they violated the Plaintiff's civil, common law, and/or statutory rights under state and/or federal law.

9. Answering Paragraph 9 of Plaintiff's First Amended Complaint, Defendants allege that Plaintiff has merely asserted legal conclusions as opposed to statements of fact and on that basis the allegations are denied. Defendants specifically deny they violated the Plaintiff's civil, common law, and/or statutory rights under state and/or federal law.

10. Answering Paragraph 10 of Plaintiff's First Amended Complaint, Defendants allege that Plaintiff has merely asserted legal conclusions as opposed to statements of fact and on that basis the allegations are denied. Defendants specifically deny they violated the Plaintiff's civil, common law, and/or statutory rights under state and/or federal law.

///

**DEFENDANTS' ANSWER TO PLAINTIFF'S ALLEGATIONS REGARDING ADMINISTRATIVE REQUIREMENTS**

11. Answering Paragraph 11 of Plaintiff's First Amended Complaint, Defendants allege that Plaintiff has merely asserted legal conclusions as opposed to statements of fact and on that basis the allegations are denied. Defendants admit only that Plaintiff filed a Government Claim on October 17, 2019 and that the City of Antioch timely rejected the Government Claim. Defendants specifically deny they violated the Plaintiff's civil, common law, and/or statutory rights under state and/or federal law.

**DEFENDANTS' ANSWER TO PLAINTIFF'S FACTUAL ALLEGATIONS**

12. Answering Paragraph 12 of Plaintiff's First Amended Complaint, Defendants admit only that incident subject to this litigation occurred in the vicinity of 2713 Contra Loma Boulevard, Antioch, California. As to the balance of the allegations in Paragraph 12, Defendants are without sufficient information and belief as to such allegations and on that basis deny the allegations therein.

13. Answering Paragraph 13 of Plaintiff's First Amended Complaint, Defendants deny that they used excessive force when they encountered the Plaintiff. Rather, the defendant officers' use of force was objectively reasonable. Defendants admit that Officer Amiri conducted a lawful traffic stop on Mr. Hellums' car and encountered the plaintiff. Defendants deny that Officer Amiri asked Plaintiff if he was on probation. Rather, instead of complying with Officer Amiri's orders to plaintiff to keep his hands out of his backpack, plaintiff repeatedly stated he was not on probation. Defendants deny that Officer Amiri placed Plaintiff in so called "choke hold" and further deny that Officer Nilsen assisted Officer Amiri in placing Plaintiff in a so called "choke hold." Defendants admit that Officer Amiri struck Plaintiff in the face in an effort to overcome Plaintiff's resistance to lawful detention and lawful arrest. Nevertheless, Plaintiff continued to violently struggle against the officers' lawful attempts to subdue him and take him into custody. Defendants admit that Corporal Colley deployed his Taser and struck Plaintiff with his flashlight in a further effort to subdue Plaintiff and

overcome his violent resistance to lawful detention and arrest.  Defendants admit that it was necessary for Officer Amiri to deploy his K-9 in a further effort to subdue Plaintiff and overcome his violent resistance to lawful detention and arrest. Defendants deny that the K-9 mauled the Plaintiff. Defendants admit that Officer Rombough and other officers were finally able to place Plaintiff in handcuffs. Defendants further assert that Plaintiff was placed under lawful arrest. Defendants specifically deny they violated the Plaintiff's civil, common law, and/or statutory rights under state and/or federal law.

14. Answering Paragraph 14 of Plaintiff's First Amended Complaint, Defendants admit that Officer Amiri requested that medical personnel respond to the scene to render aid to Plaintiff.  Defendants further allege that Plaintiff was transported to Sutter Delta Medical Center where his injuries were considered non-life threatening and he was medically cleared to be placed in jail custody.

15. Answering Paragraph 15 of Plaintiff's First Amended Complaint, Defendants admit only that Plaintiff received a number of stitches at Sutter Delta Medical Center.  As to the balance of Paragraph 15, Defendants deny each and every allegation contained therein.

16. Answering Paragraph 16 of Plaintiff's First Amended Complaint, Defendants admit only that charges were filed against the Plaintiff for violation of Penal Code Section 69 and for violation of Health & Safety Code Section 11377 (A).  As to the balance of Paragraph 16, Defendants are without sufficient information and belief as to such allegations and on that basis deny the allegations therein.

**DEFENDANTS' ANSWER TO FIRST CAUSE OF ACTION**
**Violation of the Fourth Amendment of the United States Constitution**
**Unlawful Detention 42 U.S.C. § 1983**
**(Against Defendants AMIRI, NILSEN, COLLEY, ROMBOUGH, and DOES 1-50)**

17. Answering Paragraph 17 of Plaintiff's First Amended Complaint, Defendants hereby incorporate their answers to Paragraphs 1 through 16 as though fully stated herein.

18. Answering Paragraph 18 of Plaintiff's First Amended Complaint,

Defendants deny that they violated the Plaintiff's civil, common law, and/or statutory rights under state and/or federal law.  Defendants admit only that Officer Amiri conducted a lawful traffic stop on Mr. Hellums' car. Defendants deny that Plaintiff was merely a lawful passenger in Mr. Hellums' car.  Defendants deny that Officer Amiri asked Plaintiff if he was on probation.  In further answer to Paragraph 18, Officer Amiri initially attempted to detain Plaintiff and that said detention was lawful. As to the balance of Paragraph 18, Defendants admit that they placed plaintiff in handcuffs and deny that they physically assaulted plaintiff. Defendants further admit that the lawfully arrested the Plaintiff.

**DEFENDANTS' ANSWER TO SECOND CAUSE OF ACTION**
**Violation of the Fourth Amendment of the United States Constitution**
**Unlawful Seizures 42 U.S.C. § 1983**
**(Against Defendants AMIRI, NILSEN, COLLEY, ROMBOUGH, and DOES 1-50)**

19.   Answering Paragraph 19 of Plaintiff's First Amended Complaint, Defendants hereby incorporate their answers to Paragraphs 1 through 18 as though fully stated herein.

20.   Answering Paragraph 20 of Plaintiff's First Amended Complaint, Defendants deny each and every allegation contained therein.

**DEFENDANTS' ANSWER TO THIRD CAUSE OF ACTION**
**Violation of the Fourth Amendment of the United States Constitution**
**Excessive Force 42 U.S.C. § 1983**
**(Against Defendants AMIRI, NILSEN, COLLEY, ROMBOUGH, and DOES 1-50)**

21.   Answering Paragraph 21 of Plaintiff's First Amended Complaint, Defendants hereby incorporate their answers to Paragraphs 1 through 20 as though fully stated herein.

22.    Answering Paragraph 22 of Plaintiff's First Amended Complaint, Defendants deny that they violated the Plaintiff's civil, common law, and/or statutory rights under state and/or federal law.  Defendants deny that they used excessive force when they encountered the Plaintiff. Rather, the defendant officers' use of force was

///

objectively reasonable.  Defendants admit only that POST Learning Domain 20 states as indicated in Paragraph 22.

23.     Answering Paragraph 23 of Plaintiff's First Amended Complaint, Defendants allege that the defendant officers had reasonable suspicion that Plaintiff had committed a crime.  Defendants deny that Plaintiff was "merely" a passenger in Mr. Hellums' car.  Defendants deny that Officer Amiri placed Plaintiff in so called "choke hold" and further deny that Officer Nilsen assisted Officer Amiri in placing Plaintiff in a so called "choke hold." Defendants further allege that Plaintiff violently resisted arrest and assaulted the defendant officers. Defendants admit that Officer Amiri struck Plaintiff in the face in an effort to overcome Plaintiff's resistance to lawful detention and lawful arrest.  Nevertheless, Plaintiff continued to violently struggle against the officers' lawful attempts to subdue him and take him into custody.  Defendants admit that Corporal Colley deployed his Taser and struck Plaintiff with his flashlight in a further effort to subdue Plaintiff and overcome his violent resistance to lawful detention and arrest.  Defendants admit that it was necessary for Officer Amiri to deploy his K-9 in a further effort to subdue Plaintiff and overcome his violent resistance to lawful detention and arrest. Defendants deny that the K-9 mauled the Plaintiff. Defendants admit that Officer Rombough and other officers were finally able to place Plaintiff in handcuffs. Defendants further assert that Plaintiff was placed under lawful arrest. Defendants specifically deny they violated the Plaintiff's civil, common law, and/or statutory rights under state and/or federal law.

### DEFENDANTS' ANSWER TO FOURTH CAUSE OF ACTION
**Violation of the Fourth Amendment of the United States Constitution**
***Monell* - 42 U.S.C. § 1983**
**(Against City of Antioch and DOES 25-50)**

24.     Answering Paragraph 24 of Plaintiff's First Amended Complaint, Defendants hereby incorporate their answers to Paragraphs 1 through 23 as though fully stated herein.

///

7

25. Answering Paragraph 25 of Plaintiff's First Amended Complaint, Defendants deny each and every allegation contained therein.

26. Answering Paragraph 26 of Plaintiff's First Amended Complaint, Defendants hereby deny each and every allegation contained therein.

27. Answering Paragraph 27 of Plaintiff's First Amended Complaint, Defendants deny each and every allegation contained therein.

28. Answering Paragraph 28 of Plaintiff's First Amended Complaint, Defendants deny each and every allegation contained therein.

### DEFENDANTS' ANSWER TO FIFTH CAUSE OF ACTION
### Negligence
### (Against Defendants CITY, AMIRI, NILSEN, COLLEY, ROMBOUGH and DOES-1-50)

29. Answering Paragraph 29 of Plaintiff's First Amended Complaint, Defendants hereby incorporate their answers to Paragraphs 1 through 28 as though fully stated herein.

30. Answering Paragraph 30 of Plaintiff's First Amended Complaint, Defendants allege that to the extent Plaintiff has merely asserted legal conclusions as opposed to statements of fact and on that basis the allegations are denied. Defendants specifically deny they violated the Plaintiff's civil, common law, and/or statutory rights under state and/or federal law.

31. Answering Paragraph 31 of Plaintiff's First Amended Complaint, Defendants admit only that the officers were acting within the course and scope of their employment at all times relevant to this action. As to the balance of Paragraph 32, Defendants allege that to the extent Plaintiff has merely asserted legal conclusions as opposed to statements of fact and on that basis the allegations are denied. Defendants specifically deny they violated the Plaintiff's civil, common law, and/or statutory rights under state and/or federal law.

32. Answering Paragraph 32 of Plaintiff's First Amended Complaint, Defendants deny the allegations on grounds that plaintiff has misstated the law

regarding the applicability of negligence doctrines involving cases in which police officers are defendants.

33. Answering Paragraph 33 of Plaintiff's First Amended Complaint, Defendants deny they unlawfully detained and arrested the Plaintiff and further deny that they used excessive force to take Plaintiff into custody.  Defendants deny that Plaintiff was "merely" a passenger in Mr. Hellums' car when Officer Amiri conducted a lawful traffic stop.   Defendants deny that Officer Amiri asked if Plaintiff was on probation.  Rather, Plaintiff told Officer Amiri that he was not on probation instead of complying with Officer Amiri's order that Plaintiff keep his hands out of his backpack. Defendants deny that Officer Amiri placed Plaintiff in a so called "choke hold." Defendants admit that it was necessary for Officer Amiri to strike Plaintiff in the face in an effort to overcome Plaintiff's resistance to lawful detention and arrest. Defendants deny that Officer Amiri used his Taser on Plaintiff and deny that Officer Amiri struck Plaintiff with a flashlight.  Defendants admit that it was necessary for Officer Amiri to deploy his K-9 in a further effort to subdue Plaintiff and overcome his violent resistance to lawful detention and arrest. Defendants deny that the K-9 mauled the Plaintiff. Defendants admit that Plaintiff was lawfully arrested. Defendants specifically deny they violated the Plaintiff's civil, common law, and/or statutory rights under state and/or federal law.

34. Answering Paragraph 34 of Plaintiff's First Amended Complaint, Defendants deny each and every allegation contained therein.

**DEFENDANTS' ANSWER TO SIXTH CAUSE OF ACTION**
**Assault and Battery**
**(Against Defendants CITY, AMIRI, NILSEN, COLLEY, ROMBOUGH and DOES-1-50)**

35. Answering Paragraph 35 of Plaintiff's First Amended Complaint, Defendants hereby incorporate their answers to Paragraphs 1 through 34 as though fully stated herein.

///

36.     Answering Paragraph 36 of Plaintiff's First Amended Complaint, Defendants deny that Plaintiff was "merely" a passenger in Mr. Hellums' car when Officer Amiri conducted a lawful traffic stop.   Defendants deny that Officer Amiri asked if Plaintiff was on probation.  Rather, Plaintiff told Officer Amiri that he was not on probation instead of complying with Officer Amiri's order that Plaintiff keep his hands out of his backpack.  Defendants deny that the officers placed Plaintiff in a so called "choke hold."  Defendants admit that Officer Amiri and Corporal Colley struck Plaintiff in the face in an effort to overcome Plaintiff's resistance to lawful detention and arrest.  Defendants admit that it was necessary for Corporal Colley to use his Taser and strike Plaintiff with his flashlight to overcome Plaintiff's resistance to lawful detention and arrest. Defendants admit that it was necessary for Officer Amiri to deploy his K-9 in a further effort to subdue Plaintiff and overcome his violent resistance to lawful detention and arrest.  Defendants admit that Plaintiff was lawfully arrested. Defendants specifically deny they violated the Plaintiff's civil, common law, and/or statutory rights under state and/or federal law.

37.     Answering Paragraph 37 of Plaintiff's First Amended Complaint, Defendants deny each and every allegation contained therein.

38.     Answering Paragraph 38 of Plaintiff's First Amended Complaint, Defendants deny each and every allegation contained therein.

**DEFENDANTS' ANSWER TO SEVENTH CAUSE OF ACTION**
**Intentional Infliction of Emotional Distress**
**(Against Defendants CITY, AMIRI, NILSEN, COLLEY, ROMBOUGH and DOES-1-50)**

39.     Answering Paragraph 39 of Plaintiff's First Amended Complaint, Defendants hereby incorporate their answers to Paragraphs 1 through 38 as though fully stated herein.

40.     Answering Paragraph 40 of Plaintiff's First Amended Complaint, Defendants deny each and every allegation contained therein.

///

41. Answering Paragraph 41 of Plaintiff's First Amended Complaint, Defendants deny that Plaintiff was "merely" a passenger in only that Plaintiff was a passenger in Mr. Hellums' car when Officer Amiri conducted a lawful traffic stop. Defendants deny that Officer Amiri asked if Plaintiff was on probation.  Rather, Plaintiff told Officer Amiri that he was not on probation instead of complying with Officer Amiri's order that Plaintiff keep his hands out of his backpack.  Defendants deny that the officers placed Plaintiff in a so called "choke hold."  Defendants admit that Officer Amiri and Corporal Colley struck Plaintiff in the face in an effort to overcome Plaintiff's resistance to lawful detention and arrest. Defendants admit that it was necessary for Corporal Colley to use his Taser and strike Plaintiff with his flashlight to overcome Plaintiff's resistance to lawful detention and arrest. Defendants admit that it was necessary for Officer Amiri to deploy his K-9 in a further effort to subdue Plaintiff and overcome his violent resistance to lawful detention and arrest.  Defendants admit that Plaintiff was lawfully arrested. Defendants specifically deny they violated the Plaintiff's civil, common law, and/or statutory rights under state and/or federal law.

42. Answering Paragraph 42 of Plaintiff's First Amended Complaint, Defendants deny each and every allegation contained therein.

**DEFENDANTS' ANSWER TO PLAINTIFF'S DEMAND FOR RELIEF**

Defendants deny that Plaintiff is entitled to any form of relief.

**AFFIRMATIVE DEFENSES**

Defendants allege the following as separate and affirmative defenses to the First Amended Complaint. Defendants do not, however, allege or admit that they have the burden of proof or persuasion with respect to any of these matters. Defendants reserve the right to raise additional affirmative defenses as they become known through discovery in this case.

**FIRST AFFIRMATIVE DEFENSE**

Any purported loss, damages, or injury suffered by Plaintiff was not caused by any act or omission, wrongful or otherwise, of Defendants, who acted properly and

within the bounds of all established constitutional rights at all times with the matters alleged herein.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff had no clearly established statutory or constitutional rights of which Defendants knew, or should have known, which required them to act differently or to direct their subordinates to act differently, and therefore Defendants are immune from Plaintiff's allegations and causes of action, and from liability under the doctrine of qualified immunity.

## THIRD AFFIRMATIVE DEFENSE

Defendant City of Antioch and Chief Brooks held a good faith and reasonable belief at all times in connection with the matters alleged herein that their actions and their subordinates' actions did not violate any established constitutional right.

## FOURTH AFFIRMATIVE DEFENSE

Any purported loss, damages, or injury suffered by Plaintiff were proximately caused by the Plaintiff, as Plaintiff failed to exercise ordinary care under the circumstances. Plaintiff is therefore barred from recovering for any purported loss, damages, or injury, as alleged herein. Alternatively, if any of the Defendants is found liable to any degree, then Plaintiff's recovery shall be reduced according to the Plaintiff's comparative or contributory negligence.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff was aware of the risks of loss, damages, or injury resulting from his actions, and fully appreciating those risks, Plaintiff nevertheless voluntarily assumed those risks, and so Plaintiff is barred from recovery herein.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's intentional conduct was the proximate cause of any loss, damages, or injury that Defendants were not capable of discovering in time to avert the loss, damages, or injury, and so Plaintiff is barred from recovery for any loss, damages, or injury in connection with the matters alleged herein. If any of the Defendants is found to

be in any way liable, then Plaintiff's recovery shall be reduced proportionate to Plaintiff's own intentional acts resulting in loss, damages, or injury to himself.

### SEVENTH AFFIRMATIVE DEFENSE

By reason of Plaintiff's own acts and omissions, Plaintiff's claims are barred by the doctrine of estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

By reason of Plaintiff's own acts and omissions, Plaintiff's claims are barred by the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

By reason of Plaintiff's own acts and omissions, Plaintiff's claims are barred by the doctrine of waiver.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants' conduct was reasonable at all times in connection with the matters herein; therefore, Plaintiff's claims are barred by the doctrine of privilege.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has had the ability and opportunity to take all reasonable measures to mitigate damages resulting from the allegations contained herein, but has failed to do so. As a result, Plaintiff's claims for relief are barred.

### THIRTEENTH AFFIRMATIVE DEFENSE

Any loss, damages, or injury alleged by the Plaintiff was the result of the negligence of other persons not the Defendants; this works a complete bar to Defendants' liability. To the extent that any defendant is found liable for committing excessive force, or conducting a false detention and/or arrest, Defendants' liability shall be proportionate to Defendants' contribution to the loss, damages, or injury to Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff expressly and/or impliedly consented to Defendants' conduct by way of

his voluntary participation in the matters alleged herein. As a result, Plaintiff's claims for relief are barred.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff wrongfully, unlawfully, and maliciously made and threatened assault upon police officers.  As such Plaintiff provoked the alleged incident, and police officers used no more than reasonable and necessary force in defense of themselves and others.

### SIXTEENTH AFFIRMATIVE DEFENSE

Under all of the circumstances known to the police officers at the time, an objectively reasonable police officer would conclude there was a fair probability that the Plaintiff had committed or was committing a crime. Any detention of the Plaintiff was based on reasonable suspicion and the arrest or seizure of the Plaintiff was carried out with probable cause. As a result, Plaintiff's claims for relief are barred.

### SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff alleges or asserts matters not contained in a legally sufficient claim filed by him, this action is barred by the claims requirement set forth in California Government Code § 905 et seq.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants are immune from the allegations contained within the Plaintiff's First Amended Complaint and the causes of actions contained therein, based on the immunities contained within the California Government Code including but not limited to Sections 815 (a); 815.2, 815.4, 815.6, 818, 818.2, 818.8, 820, 820.2, 820.4, 820.8, 821, 822.2, 845.6 and by virtue of Government Code Section 900, et seq.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendants allege all other affirmative defenses that may potentially become available as a result of information developed through discovery or at trial.

### DEMAND FOR JURY TRIAL

Defendants hereby demand a jury trial on all issues triable by a jury.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff takes nothing by reason of his First Amended Complaint;

2. That judgment be entered against Plaintiff and in favor of Defendants;

3. That Defendants recover all expenses, costs, and attorneys' fees in connection with this lawsuit; and

4. That the Court grant Defendants such other and further relief as it deems just and proper.

Dated:  June 4, 2020        **LEONE & ALBERTS**

By: */s/ Claudia Leed*
LOUIS A. LEONE, ESQ.
CLAUDIA LEED, ESQ.
ANNE B. MILLER, ESQ.
Attorney for Defendants
CITY OF ANTIOCH, TAMMANY BROOKS, MORTEZA AMIRI, ERIK NILSEN, JAMES COLLEY and ERIC ROMBOUGH